IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JULIA LEE ROGERS and DAVID-WYNN MILLER, | ) ) ) | CIVIL NO. 12-705 LEK-BMK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| WELLS FARGO HOME MORTGAGE OF HAWAII, LLC, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

### ORDER DISMISSING CASE WITH PREJUDICE

On December 28, 2012, pro se Plaintiffs Julia Lee Rogers and David-Wynn Miller (collectively "Plaintiffs") filed a Complaint against Defendant Wells Fargo Home Mortgage of Hawaii, LLC ("Defendant"). The Complaint is entirely nonsensical.

Federal Rule of Civil Procedure 8 mandates that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  The court may dismiss a complaint for failure to satisfy Rule 8 if it is so confusing that its "'true substance, if any, is well disguised.'"  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more

as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice[.]").

Plaintiffs are appearing pro se; consequently, the Court liberally construes their pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). Even liberally construed, however, the purported allegations in the Complaint are completely incoherent and utterly fail to state any kind of claim against any Defendant that is remotely plausible on its face.

As this Court has found on several previous occasions, Plaintiffs' Complaint is completely nonsensical and has no apparent relationship to any claim for judicial relief. It does not contain any coherent or complete sentences, let alone identify any specific claims that Plaintiffs are advancing or factual allegations they are making. Indeed, the Court cannot make out a single allegation from the Complaint. The Complaint is essentially comprised of a random collection of unintelligible

words, symbols, and initials laid out in no apparent order.  This incoherent text cannot be said to provide Defendant fair notice of the wrongs it has allegedly committed.  See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Gillibeau, 417 F.2d at 431).

Accordingly, the Court HEREBY DISMISSES this action for failure to comply with Rule 8.  Further, the dismissal is WITH PREJUDICE because the Court FINDS, based on the content of the Complaint as well as Plaintiff David-Wynn Miller's numerous other filings in this district court,[1] that he has filed this action in bad faith and that granting leave to amend would be futile.  See W. Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include bad faith and futility of the amendment); Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (holding that leave to amend is properly denied if amendment would be futile); cf. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (requiring leave to amend for pro se litigants "[u]nless it is absolutely clear that no amendment can cure the defect").

In accordance with the foregoing, the case is HEREBY DISMISSED.

---

[1] David-Wynn Miller has filed several nonsensical complaints before this Court, including *inter alia*, Miller, et al. v. BAC Home Loan Servicing, LP, et al., CV 11-00648 LEK-BMK and Miller, et al. v. Argent Mortgage Company, LLC, et al., CV 11-00649 LEK-BMK.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 14, 2013.



　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States District Judge

**JULIA LEE ROGERS, ET AL. V. WELLS FARGO HOME MORTGAGE, LLC; CIVIL NO. 12-00705 LEK-BMK; ORDER DISMISSING CASE WITH PREJUDICE**